UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DME HOLDINGS, LLC, a Florida limited
liability company, and RME, LLC d/b/a
RESPONSE MAIL EXPRESS, a Florida
limited liability company,

      Plaintiffs,                 CASE NO.:  6:07-cv-1431-Orl-22DAB

vs.

PRINT SOURCE ONE d/b/a SEMINAR
DIRECT, an Arizona corporation,

      Defendant.
_____/

## MOTION FOR CLERK'S ENTRY OF DEFAULT

Pursuant to Federal Rule of Civil Procedure 55(a), Plaintiffs, DME HOLDINGS, LLC and RME, LLC d/b/a RESPONSE MAIL EXPRESS (collectively referred to as "DME"), hereby move the Clerk of the Middle District of Florida for entry of default against Defendant, PRINT SOURCE ONE d/b/a SEMINAR DIRECT ("SEMINAR DIRECT"), and in support thereof state as follows:

1.     On or about September 12, 2007, DME served SEMINAR DIRECT with a Verified Complaint.  *See* Exhibit "A," Return of Service Affidavit.

2.     Pursuant to Federal Rule of Civil Procedure 12(a)(2), SEMINAR DIRECT had twenty (20) days to serve a response to the Verified Complaint.

3.     On or about September 25, 2007, the Court entered an Order which effectively stayed the proceedings.  *See* Exhibit "B," Stay Order.  Although the Order states that the Court will "hold in abeyance," a subsequent Order by the Court, dated

October 5, 2007, clarifies that the Court's intention was to stay the proceedings.  *See* Exhibit "C," Order clarifying stay.

4.    At the time the stay went into effect on or about September 25, 2007, thirteen (13) days had elapsed since the date of service of the Verified Complaint, and, as such, SEMINAR DIRECT had seven (7) days left in which to respond to the Verified Complaint.

5.    On or about November 27, 2007, the Court entered an Order lifting the stay in this matter and denying SEMINAR DIRECT's Motion to Transfer as moot.  *See* Exhibit "D," Order lifting stay.

6.    SEMINAR DIRECT had seven (7) days from the date it received notice that the stay was lifted to respond to the Verified Complaint.

7.    SEMINAR DIRECT's response to the Verified Complaint was due on or about December 5, 2007.

8.    SEMINAR DIRECT has failed to timely serve and to this date still has not served a response to the Verified Complaint.

9.    In the alternative, if SEMINAR DIRECT's Motion to Transfer, dated September 18, 2007, is deemed a Motion to Dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b), SEMINAR DIRECT has still failed to timely serve a response to the Verified Complaint.

10.    SEMINAR DIRECT had ten (10) days from the date it received notice that its motion was denied to serve a responsive pleading.  *See* Fed.R.Civ.P. 12(a)(4).

11.    SEMINAR DIRECT's responsive pleading was due on or about December 10, 2007.

**WHEREFORE**, DME respectfully moves the Clerk of the Middle District of Florida for entry of default against SEMINAR DIRECT for failure to plead or otherwise defend as provided by the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ Deirdre E. Macbeth, Esquire
GREGORY D. SNELL
Florida Bar No.: 442356
DEIRDRE E. MACBETH
Florida Bar No.: 0026469
Snell Legal
700 W. Granada Boulevard, Suite 107
Ormond Beach, Florida 32174
(386) 677-3232 Telephone
(386) 677-6770 Facsimile
gregsnell@snelllegal.com
deirdremacbeth@snelllegal.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 11, 2007, this document was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the following:

Edward McHale
litigation@mspatents.com

/s/ Deirdre E. Macbeth, Esquire
GREGORY D. SNELL
Florida Bar No.: 442356
DEIRDRE E. MACBETH
Florida Bar No.: 0026469
Snell Legal
700 W. Granada Boulevard, Suite 107
Ormond Beach, Florida 32174
(386) 677-3232 Telephone
(386) 677-6770 Facsimile
gregsnell@snelllegal.com
deirdremacbeth@snelllegal.com