UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:07-CV0-01431-ACC-DAB

DME HOLDINGS, LLC,
    a Florida limited liability company
and RME, LLC,
    a Florida limited liability company
d/b/a Response Mail Express

       Plaintiffs,

v.

PRINT SOURCE ONE
    an Arizona corporation
d/b/a SEMINAR DIRECT,

       Defendant
_____/

## DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLERK'S ENTRY OF DEFAULT

The Defendant, PRINT SOURCE ONE, opposes the Plaintiffs' Motion for Clerk's Entry of Default as being facially deficient and premature. For those reasons, the Motion should be stricken. The Defendant would state further:

On November 27, 2007, the court entered an Order Denying the Defendant's Motion to Transfer this action to the District of Arizona. The Defendant's Motion to Transfer was based on the "first to file" rule, and thereby implicitly asserted that venue was not proper in the Middle District of Florida, pursuant to Fed.R.Civ.P. 12(b)(3). Fed.R.Civ.P. 12(a)(4)(A) states in pertinent part: "…if the court denies the motion…the responsive pleading must be served within ten (10) days after notice of the court's action…".

Under Fed.R.Civ.P. 6(a), ten (10) days following the *entry* of the court's Order of November 27, 2007 is December 11, 2007. Moreover, since the operative event is *notice* of the Order, the time is further extended by virtue of Fed.R.Civ.P. 6(d)[1]: "…three (3) days are added after the period would otherwise expire under Rule 6(a)." Accordingly, the Defendant's Answer is not required to be served until December 14, 2007.

Aside from the fact that the Plaintiffs' Motion is frivolous as premature, it is also deficient. Fed.R.Civ.P. 55(a) allows for the entry of default against a party who "…has failed to plead *or otherwise defend*, and that fact is made to appear by affidavit or otherwise…". The Plaintiffs' Motion ignores the fact that the Defendant has "otherwise defended" the instant action by successfully opposing the Plaintiffs' Motion for Temporary Restraining Order, which specifically addressed the merits of this action. While the term, *or otherwise defend* is not expressly defined in Rule 55, the Advisory Committee notes to the December 1, 2007 amendments to Rule 55 state:

> "Former Rule 55(a) directed the clerk to enter a default when a party failed to plead or otherwise defend 'as provided by these rules'. The implication from the reference to defending 'as provided by these rules' seemed to be that the clerk should enter a default even if party did something showing an intent to defend, but that act was not specifically described by these rules. Courts, in fact, have rejected that implication. Acts that show an intent to defend have frequently prevented a default even though not connected to any particular rule. 'As provided by these rules' is deleted to reflect Rule 55(a)'s actual meaning."

The alternative argument found in the Plaintiffs' Motion: that in its Order Denying the Plaintiffs' Motion for Preliminary Injunction the court stayed the action, effectively requiring service

---

[1] Fed.R.Civ.P. 6, as well as the other Rules cited in this Opposition, were amended December 1, 2007 so that Rule 6(d) entitled, "Additional time after certain kinds of service" is now in effect.

of an Answer by December 5, 2007 makes no sense on its face, and is unsupported by any Memorandum of Law. It would appear that paragraphs 3 - 7 of the Plaintiffs' Motion confuse *staying an action* with *tolling* a time limitation. Since the court's Orders of September 25, 2007 and November 27, 2007 did not impose a deadline for service of the Defendant's Answer, that time must be governed by Fed.R.Civ.P. 12(a)(4)(A).

For the reasons recited above, the Plaintiffs' Motion is frivolous on its face. Not only has the Defendant "otherwise defended this action", it has reasonably determined that its responsive pleading is due to be served on or before December 14, 2007. The Plaintiffs' Motion must therefore be stricken.

Respectfully submitted,

McHALE & SLAVIN, P.A.
2855 PGA Blvd.
Palm Beach Gardens, FL 33410
Tel.: (561) 625-6575
Fax: (561) 625-6572
E-mail: litigation@mspatents.com

s/ Edward F. McHale
Edward F. McHale
FBN: 190300
Attorneys for the Defendant

3

                                                  FENNEMORE CRAIG
                                                  3003 North Central Avenue
                                                  Suite 2600
                                                  Phoenix, Arizona 8501-2913
                                                  Tel: (602) 916-5000
                                                  E-mail: rharris@fclaw.com
                                                               smo@fclaw.com


                                                  s/Ray K. Harris
                                                  Ray K. Harris
                                                  Susan M. O
                                                  Attorneys for Defendant


## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2007, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send a notice of electronic filing to the following:

Deirdre Elizabeth Clare Macbeth
Snell Legal
Suite 107
700 W. Granada Blvd.
Ormond Beach, FL 32174
Telephone:    (386) 677-3232
Email: deirdremacbeth@snelllegal.com


Gregory Dean Snell
Snell Legal
Suite 107
700 W. Granada Blvd.
Ormond Beach, FL 32174
Telephone:   (386) 677-3232
Fax:          (386) 677-6770
Email: GregSnell@snelllegal.com

                                                                                  s/Edward F. McHale
                                                                                  Edward F. McHale